21-475-cr
*United States v. Brogdon*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand twenty-two.

PRESENT:    JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
            EUNICE C. LEE,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee,*                                   21-475-cr

            v.

CONELL BROGDON, AKA NELLZ, AKA SNELZ, AKA
MIDGET, AKA MIDGE,

                    *Defendant-Appellant,*

SOLOMON ARTIS, AKA LIGHT, AKA SPAZ, LEONARD
BARLETTO, AKA BOOTS, COURTNEY COY, AKA
STYLES, PARRIS DESUZE, AKA KETCHUP, ANDRE
HOLMAN, AKA DRE, DERRICK BIENAIME, AKA MILLZ,
AKA CIROC BOSS, DAVON BROWN, AKA CHICO,
MALIK CAMPBELL, AKA INDI, STANLEY CHERENFANT,
AKA BANGER, STEVEN CHERENFANT, AKA STEVENS
CHERENFANT, AKA BEANS, AIKIAM FLOYD, AKA OCK,
BRANDON GREENIDGE, AKA B3, CORY HARRIS, AKA
WILLIAM HARRIS, AKA C, JAMAR HARRY, AKA BRICKS
642, JEFFREY JOSEPH, SHAWN NEWLAND, AKA HELA

1

BANDZ, SILBERT NICHOLSON, AKA RICO, ZADEK
ORGIAS, AKA Z, CORDERO PASSLEY, AKA LOONEY,
GABRIEL PATTERSON, STEPHON RENE, AKA SHORTY,
AKA LIL BANGER, AKEEM WATSON, AKA MONKS,

                                            *Defendants.*

---

FOR APPELLEE:                    ALLON LIFSHITZ, Assistant United States
                                 Attorney, *for* Jacquelyn M. Kasulis, Acting
                                 United States Attorney for the Eastern
                                 District of New York, Brooklyn, NY

FOR DEFENDANT-APPELLANT:          BENJAMIN GRUENSTEIN (Rebecca J.
                                 Schindel, Andrea M. Thompson, *on the
                                 brief*), Cravath, Swaine & Moore LLP,
                                 New York, NY

Appeal from an order and judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby are **AFFIRMED**.

Conell Brogdon pleaded guilty to racketeering conspiracy, admitting as predicate acts attempted murder and conspiring to distribute cocaine base. *See* 18 U.S.C. § 1962(d). After calculating an advisory guidelines range of 168 to 210 months, the District Court sentenced Brogdon to 210 months of incarceration, followed by three years of supervised release.

This is Brogdon's second appeal of his sentence. The first time, we held that Brogdon's sentence could be procedurally unreasonable, as the District Court "did not offer an explanation for declining to adjust Brogdon's sentence downward pursuant to [U.S.S.G.] § 5G1.3(b)(1)" for time served on Brogdon's related state conviction. *United States v. Floyd* ("*Brogdon I*"), 840 F. App'x 625, 628 (2d Cir. 2021) (summary order). Accordingly, we remanded the cause "so that the District Court [might] state its reasoning for declining to adjust Brogdon's sentence downward in accordance with § 5G1.3(b)(1)." *Id.*

On remand, the District Court reaffirmed Brogdon's sentence and explained why it had declined to adjust the sentence downward pursuant to § 5G1.3(b)(1). Brogdon again appealed, arguing *inter alia* that the District Court's statement of reasons was deficient.

After oral argument, we issued a summary order again remanding the cause to the District Court for it to "clarify whether it relied on Brogdon's alleged obstruction in deciding not to adjust

his sentence." *United States v. Brogdon*, 2021 WL 6105372, at *1 (2d Cir. Dec. 21, 2021). The District Court disposed of this issue the same day by way of an order clarifying that it had not relied on this disputed fact. As this panel retains jurisdiction, we proceed to address Brogdon's remaining arguments. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.

We reject Brogdon's argument that his sentence was procedurally unreasonable, the core claim of his supplemental letter brief. We assume without deciding that the District Court erred in concluding that Brogdon's unadjusted sentence did not exceed the advisory guidelines. We remand in such circumstances when "we cannot be confident that the district court would have imposed the same sentence if it had applied the correct guideline." *United States v. Seabrook*, 968 F.3d 224, 232 (2d Cir. 2020). Here there is no such uncertainty. As reflected in its detailed and accurate explanation, the District Court understood the function and purpose of § 5G1.3(b)(1), and nonetheless declined to adjust Brogdon's sentence. *Cf. United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006) ("[W]e begin our review with the presumption that the district court knew and applied the [advisory guidelines] correctly." (citation omitted)), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). Because "the record indicates clearly that the district court would have imposed the same sentence in any event," any error was "harmless." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (citation and internal quotation marks omitted).

Further, the District Court adequately explained why it declined to adjust Brogdon's sentence. *See United States v. Pugh*, 945 F.3d 9, 26 (2d Cir. 2019) ("[W]here the judge imposes a sentence outside the Guidelines, the judge will explain why he has done so." (citation and internal quotation marks omitted)). It cited Brogdon's "history of callous violence" and noted that he acted "as a particularly dangerous and murderous member of a particularly dangerous and murderous criminal group operating in concert to terrorize a significant portion of the Eastern District of New York." App'x 356–57. Brogdon asserts that the advisory guidelines already accounted for both his criminal history and the gravity of his offense. This is not necessarily correct. For example, the provision enhancing Brogdon's advisory guidelines range in light of his criminal history notes only the length of Brogdon's prior sentences, not the violence of his underlying crime. *See* U.S.S.G. § 4A1.1(a) (adding "3 points for each prior sentence of imprisonment exceeding one year and one month").

We separately assume without deciding that the District Court in imposing its sentence could not permissibly consider a possible "invitation to [Brogdon's] fellow gang members to seek similar reductions in sentence." App'x 357. The record is clear, however, that this factor was not decisive. The District Court stated that a § 5G1.3(b)(1) adjustment "would be a serious mistake . . . *even if it did not*" cause Brogdon's co-defendants to seek sentence reductions. *Id.* (emphasis added). Again, as

3

the record is clear that "the district court would have imposed the same sentence in any event," any error was "harmless." *Jass*, 569 F.3d at 68 (citation and internal quotation marks omitted).

## II.

Brogdon waived his remaining argument—that his sentence exceeds the statutory maximum—by failing to raise it in his first appeal. *See United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002) ("[W]here an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, it is considered waived . . . ." (citation and internal quotation marks omitted)). As a result, "the law of the case doctrine bars the district court on remand and an appellate court in a subsequent appeal from reopening such issues unless the mandate can reasonably be understood as permitting it to do so." *Id.* (citation and internal quotation marks omitted).

Here, the mandate did not permit Brogdon's statutory maximum argument. As discussed, our mandate was narrow. We remanded only "for a statement of reasons" regarding § 5G1.3(b)(1), while finding Brogdon's "remaining arguments . . . to be without merit." *Brogdon I*, 840 F. App'x at 629. Because we "identified a specific sentencing error, remanded because of that error, and decided that all other claims were without merit," we did not remand "for *de novo* resentencing." *Quintieri*, 306 F.3d at 1227. Accordingly, Brogdon "may not now raise arguments that he waived by not making them on his previous appeal," and his statutory maximum argument is barred by the law of the case. *Id.*

## CONCLUSION

We have reviewed all of the arguments properly raised by Brogdon on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the April 18, 2019, judgment and the February 17, 2021, order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4